

ORDERED in the Southern District of Florida on September 6, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:
LUZ MAYRA DE LA CRUZ                    Case No.: 13-18341-LMI
                                        Chapter: 13

            Debtors
_____/

ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY VILLAGE AT DADELAND
CONDOMINIUM ASSOCIATION, INC., D.E. 23

THIS CASE came to be heard on August 13, 2013, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property held by Village at Dadeland Condominium, Inc.,* (D.E. # 35; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.  The value of Debtors' real property (the "Real Property") located at 7520 Southwest 82 Street, Unit G119, Miami, FL 33143, more particularly described as

**LEGAL DESCRIPTION: VILLAGE AT DADELAND CONDO UNIT G119 UNDIV 0.0026806% INT IN COMMON ELEMENTS OFF REC 22886-4448 COC 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 08 20051**

is $51,000.00 at the time of filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of THE VILLAGE AT DADELAND CONDOMINIUM, INC. (the "Association") is $175,482.00.

C.  The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Association is $0.00 and Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The motion is **GRANTED.**

2.  Association has an allowed secured claim of $0.00.

3.  Because Association's secured interest in the Real Property is $0, Association's Assessment Lien Rights prior to the filing of the Debtor's bankruptcy petition pursuant to certain Declaration for Village at Dadeland Condominium Association, Inc. c/o Association Law Group, recorded on December 08, 2004 at Book 22886, Page 4448-4543, together with all amendments thereto, in the official records of Miami-Dade County, Florida (collectively, the "Declaration") and the claim of lien the Association holds, recorded on November 11, 2011 at Book 27898, Page 1818, shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Association's Assessment Lien Rights will no longer be considered void and shall be restored as a lien on the Real

        Property.

4. Association has not filed proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.