

ORDERED in the Southern District of Florida on September 6, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:
LUZ MAYRA DE LA CRUZ                    Case No.: 13-18341-LMI
                                        Chapter: 13

        Debtors
_____/

ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY AMERICAN HOME SERVICING
MORTGAGE/DEUTSCHE BANK NATIONAL TRUST, DE #20

THIS CASE came to be heard on August 13, 2013, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property Held by American Home Servicing Mortgage/Deutsche Bank National Trust,* (Docket Entry #20; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.      The value of Debtors' real property (the "Real Property") located at 7520 SW 82 Street,

        Apt G-119, Miami, Florida 33143, more particularly described as:

**Legal Description: Condominium Unit G119, of Village at Dadeland, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 22886, Page 4448, of the Public Records of Miami-Dade County, Florida**

is $51,000.00 at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of American Home Servicing Mortgage/Deutsche Bank National Trust (the "Lender") is $0.00.

C. The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Lender is $51,000.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**

2. Lender has an allowed secured claim of $51,000.00.

3. Because Lender's secured interest in the Real Property is $51,000.00, Lender's mortgage recorded August 23, 2005, in book 23710 on pages 4253-4278 (26 pages) in the official records in of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely file. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph two (2) above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

Submitted By:
RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.